# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| MARIA DIEGO, | ) | |
| Movant, | ) ) ) | |
| v. | ) ) | CV416-267 |
| UNITED STATES OF AMERICA, | ) ) ) | CR411-273 |
| Respondent. | ) | |

## **REPORT AND RECOMMENDATION**

After pleading guilty to possession with intent to distribute methamphetamine, doc. 69[1] (plea agreement); doc. 70 (judgement for 108 months' imprisonment), Maria Diego took no appeal within the time allowed by Fed. R. App. P. 4(b)(1)(A)(i) (defendants must notice their appeals within 14 days from the entry of judgment). She now moves under 28 U.S.C. § 2255 to reduce her sentence in light of a November 1, 2015 amendment to the Sentencing Guidelines' "mitigating role" adjustment. *See* doc. 85; U.S.S.G. § 3B1.2. Preliminary § 2255 Rule 4 review shows that her motion must be **DENIED** both as untimely and on the merits.

---

[1] The Court is citing to the criminal docket in CR411-273 unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

Diego had until May 2, 2012 to seek § 2255 relief. 28 U.S.C. § 2255(f).[2] She did not signature-file the present § 2255 motion, however, until September 26, 2016 -- over four years too late. Doc. 85. Diego offers no explanation for her failure to timely appeal, and she neglects to mention that she has thrice tried -- and had thrice denied -- motions to reduce her sentence over the past four years.

Though the statute of limitations "can be equitably tolled where a petitioner untimely files because of extraordinary circumstances that are both beyond h[er] control and unavoidable even with diligence," *Kicklighter v. United States*, 281 F. App'x 926, 930 (11th Cir. 2008) (quoting *Outler v. United States*, 485 F.3d 1273, 1280 (11th Cir. 2007)), this is not such a case. Diego has not demonstrated either the existence of "extraordinary circumstances" that prevented her timely filing the

---

[2] As described in the statute, the one-year limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

petition, *Wakefield v. R.R. Ret. Bd.*, 131 F.3d 967, 970 (11th Cir. 1997) (neither a litigant's pro se status nor ignorance of the law normally warrants equitable tolling), or that she diligently pursued relief. *See Diaz v. Sec'y for Dep't of Corr.*, 362 F.3d 698, 702 (11th Cir. 2004) ("equitable tolling is available only if a petitioner establishes *both* extraordinary circumstances and due diligence"). Hence, Diego's motion is time-barred unless she can show an exception, like a new rule of law retroactively available to her. *See* 28 U.S.C. § 2255(f).

Nothing in Amendment 794, however, entitles her to resentencing. That amendment merely "clarified the factors to consider for a minor-role adjustment" -- it did not substantively change § 3B1.2. *United States v. Casas*, 632 F. App'x 1003, 1004 (11th Cir. 2015). Indeed, the Sentencing Commission specifically explained that Amendment 794 is intended *only* as a clarifying amendment. U.S.S.G. Supp. App. C, Amend. 794 (Reason for Amend.) ("This amendment provides additional guidance to sentencing courts in determining whether a mitigating role adjustment applies").

"The threshold inquiry," therefore, "is whether [Diego's] claim that h[er] sentence is contrary to a subsequently enacted clarifying

3

amendment is cognizable under § 2255." *Burke v. United States*, 152 F.3d 1329, 1331 (11th Cir. 1998). *See, e.g., Jacobs v. United States*, 2016 WL 4183312 at * 1 (S.D. Ga. Aug. 5, 2016); *Knight v. United States*, 2016 WL 4082701 (S.D. Ga. Jul. 29, 2016). *Burke* confirms that § 2255 relief is not available to Diego. In both cases, the movants did not appeal. *Burke*, 152 F.3d at 1331. After sentencing, the Sentencing Commission added a clarifying amendment to the Guidelines, and the petitioners moved under § 2255 to modify their sentences based on the change. *Id*.

Just as in *Burke*, Diego "was afforded the opportunity to" challenge the denial of a minor role adjustment "at h[er] original sentencing and on direct appeal." *Id*. at 1332. She never did.[3] "Considering all of the circumstances, [the Court] cannot say that the alleged misapplication of the sentencing guidelines in this case was fundamentally unfair or that it constituted a miscarriage of justice sufficient to form the basis for collateral relief." *Id*.[4]

---

[3] After she pled guilty to possession with intent to distribute methamphetamine, the Court sentenced Diego to 108 months' consecutive imprisonment. Doc. 70. She never appealed, and nothing in the record reveals an objection to her Guidelines sentence calculation.

[4] Because "§ 2255 is not a substitute for direct appeal," nonconstitutional claims such as clarifying amendments to the Guidelines "can be raised on collateral review only when the alleged error constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the

Accordingly, Diego's § 2255 motion should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The

---

rudimentary demands of fair procedure.'" *Burke*, 152 F.3d at 1331 (quoting *Reed v. Farley*, 512 U.S. 339, 348 (1994)).

district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __31st__ day of October, 2016.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA